```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

 LUIS CUELLAR,

                      Plaintiff,                   MEMORANDUM & ORDER
                                                   23-CV-4293(EK)(RML)
          -against-

 KINGS JUICE BAR DELI INC. d/b/a KINGS
 DELI GRILL & JUICE BAR; KINGS FOOD &
 DELI CORP. d/b/a KINGS DELI &
 GROCERY; DELI HOT FOOD GRILL GROCERY
 INC. d/b/a KINGS DELI & GROCERY;
 MOHAMED ALI; and GALAL AHMED,

                      Defendants.

---------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Luis Cuellar filed this action in June 2023, asserting that the defendants — his former employers — violated the Fair Labor Standards Act and the New York Labor Law by failing to pay him the applicable minimum wage, failing to pay overtime wages, and failing to provide him with wage notices or wage statements. *See* Amended Complaint, ECF No. 5, at 8-11. The Clerk of Court filed an Entry of Default in October 2023, ECF No. 13, and Cuellar moved for default judgment in January 2024. ECF No. 15.

The Court referred that motion to Magistrate Judge Levy for a Report and Recommendation (R&R), and has now received the R&R dated May 7, 2024. ECF No. 20. Judge Levy recommends that the Court grant the plaintiff's motion for default judgment

in full and award the plaintiff $38,560 in damages, plus pre- and post-judgment interest, and $10,819.50 in attorney's fees and costs.  Neither party has filed objections and the time to do so has expired.  Having reviewed the record, I adopt the R&R in part.

I decline to adopt only one section of the R&R — subsection B.3 of the Discussion section, addressing statutory damages for failure to provide wage and hour notices.  Cuellar's complaint does not allege any injuries stemming from the lack of wage and hour notices, and he has therefore failed to establish that he has standing to pursue that claim.

Employers are required by New York law — specifically, New York's Wage Theft Prevention Act (the "WTPA") and N.Y.L.L. § 195(3) — to provide employees with written wage notices at the beginning of their employment, and wage statements alongside every payment of wages thereafter.  Those statutes provide for statutory damages.  But the violation of a statute triggering statutory damages is insufficient to confer Article III standing unless the plaintiff also demonstrates an actual and concrete injury resulting from that violation.  *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021).

Here, Cuellar's allegations demonstrate only that he has suffered an "informational injury" — that is, he "failed to receive [] required information."  *Id.* at 441.  Where a statute

2

provides a cause of action to recover statutory damages for informational injuries, *TransUnion* requires the plaintiff to also identify "downstream consequences from failing to receive the required information" because "informational injury that causes no adverse effects cannot satisfy Article III." *Id.* at 442. "Therefore, to have standing to bring a wage notice or wage statement claim, the plaintiff must allege injury *stemming from* the statutory violation." *Cartagena v. Sixth Ave. West Ass. LLC*, No. 23-CV-3611, 2023 WL 6318170 at *2 (S.D.N.Y. Sept. 28, 2023) (emphasis added).

Cuellar has not "clearly allege[d] facts demonstrating" that he was injured because of the defendants' failure to provide wage notices or statements. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Without factual allegations tracing potential downstream injuries back to the informational deficiency, the plaintiff has not sufficiently alleged facts conferring standing, and the Court cannot grant a default judgment. *See Cartagena*, 2023 WL 6318170 at *2 ("[T]he Court will not infer that a WTPA violation caused concrete injury simply because the plaintiff alleged violations of the NYLL and the [Fair Labor Standards Act] in the same complaint."); *see id.* at *3 (the plaintiff must "provide specific factual allegations regarding how [their employer] violated the WPTA and what harm resulted to [the plaintiff] because of that statutory

violation"). Cuellar's claims for violations of New York law's wage notice and wage statement requirements are therefore dismissed for lack of Article III standing, without prejudice to renew.

I have reviewed the remainder of the R&R and found no error. The remainder of the R&R — including its damages and attorney's fees calculations — is therefore adopted. Cuellar is hereby awarded: $2,720 in unpaid minimum wages; $11,560 in unpaid overtime wages; $14,280 in liquidated damages; pre- and post-judgment interest on the $14,280 in unpaid wages; and $10,819.50 in attorney's fees and costs. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    June 20, 2024
           Brooklyn, New York